Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 4/17/2018

mk

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTOR  **ANTONI ROBBELL STILL**                              Case No.    17-08648-RM3-13

SSN XXX-XX- 3200

### ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

### CONFIRMED AS PROPOSED

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtor shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtor shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$310.00** for filing fees.

7. The debtor shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtor retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtor or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

**PART 1:    NOTICES**

The confirmed plan  **DOES**  include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order.  This order may include provisions different than what was contained in the original plan.  Parties are encouraged to carefully review the terms of this order and the previously noticed plan.  Any request to reconsider the terms of this order should be raised within 14 days.

| Debtor | STILL | Case number | 17-08648-RM3-13 |
|---|---|---|---|

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**Debtor will make payments to the trustee as follows**:

**$270.00 BI-WEEKLY from SADLER BROTHERS TRUCKING CO**

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

**Plan "base" and income tax refunds**

Debtors shall pay to the trustee a minimum amount, called a "base," of **$35,100.00**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

## PART 3: TREATMENT OF SECURED CLAIMS

**3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).**

**There are no long term claims paid by the Trustee.**

**3.2 Valuation of security and claim modification.**

For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of Claim | Value securing claim | Value of collateral less than Claim? | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| INSOLVE AUTO FUNDING | $10,131.73 | $7,750.00 | Yes | 12.99% | $200.00 |

11 MAZDA CX7

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

-------------- **NONE** --------------

**3.4 Lien avoidance.**

-------------- **NONE** --------------

**3.5 Surrender of collateral.**

-------------- **NONE** --------------

**PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)**

**4.1 Attorney's fees.**

To the debtor's attorney, **JAMES FLEXER**, the sum **$3,525.00 to be paid at $313.00 per month.**

Total fee awarded to attorney is **$3,525.00** .

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

----------**NONE**----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------**NONE**----------

**4.3 Other priority claims.**

The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| **Name of Creditor** | **Estimated amount of claim to be paid** |
|---|---|
| UNITED STATES TREASURY<br>15 INCOME TAX | $2,182.27 |

**PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **$665.00** and a minimum dividend of **20.00**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

| Debtor | STILL | Case number | 17-08648-RM3-13 |
|---|---|---|---|

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

**N/A**

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- **NONE** ---------------

**5.4 Separately classified nonpriority unsecured claims.**

--------------- **NONE** ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

**Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Creditor/Collateral | Current monthly payment | Total monthly payments to be paid | Amount of arrearage to be paid | Arrearage Monthly Pmt |
|---|---|---|---|---|
| DIRECTV | n/a | n/a | n/a | n/a |
| CABLE INTERNET PHONE | | Disbursed by: **debtor** | | |
| SPRINT | n/a | n/a | n/a | n/a |
| CELL PHONE | | Disbursed by: **debtor** | | |
| TOWNSHIP PROPERTIES LLC | n/a | n/a | n/a | n/a |
| RESIDENTIAL LEASE | | Disbursed by: **debtor** | | |

Chapter 13 Plan                Page 4 of 8

Case 3:17-bk-08648    Doc 25    Filed 04/17/18    Entered 04/17/18 07:40:30    Desc Main
Document    Page 4 of 8

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

## PART 8: VESTING OF PROPERTY OF THE ESTATE

**8.1 Property of the estate will vest in the debtor upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

## PART 9: NONSTANDARD PLAN PROVISIONS

**Case to be dismissed, without further hearing, upon filing of notice of non-compliance and order dismissing by the trustee.**

**INLAND BANK/INSOLVE AUTO FUNDING, LLC shall be paid by the Trustee pursuant to Paragraph 3.c or 3.d above. Debtor shall obtain and maintain full coverage insurance on the vehicle and list INLAND BANK/INSOLVE AUTO FUNDING, LLC as the loss payee. Debtor acknowledge that this is a claim for post-petition financing under 11 U.S.C. § 1305(a)(2) and will not be subject to discharge. Should the debtor default in payments to the Trustee or there is a lapse in insurance, INLAND BANK/INSOLVE AUTO FUNDING, LLC or their assignee shall notify Debtor and Debtor's Counsel of the default. If the default is not cured within ten (10) days of such notice, INLAND BANK/INSOLVE AUTO FUNDING, LLC shall have relief from the automatic stay of 11 U.S.C. § 362(a) without a further hearing, upon the filing of notice of default.**

Approved:

/s/JAMES FLEXER
JAMES FLEXER
ATTY FOR THE DEBTOR
1900 CHURCH STREET SUITE 400
NASHVILLE, TN 37203-7203
615-255-2893
cm-ecf@jamesflexerconsumerlaw.com

RANDAL S MASHBURN
Bankruptcy Judge

341 Date: **February 13, 2018**
Case no: **17-08648-RM3-13**
Printed: **04/16/2018** **5:29 pm**

# EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

|   | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
|   | US BANKRUPTCY COURT | FILING FEE | 1 |
|   | US BANKRUPTCY COURT | NOTICE FEE | 2 |
| * | INSOLVE AUTO FUNDING<br>11 MAZDA CX7 | AUTOMOBILE LOAN | 3 |
|   | JAMES FLEXER | ATTORNEY FEE | 3 |
| * | UNITED STATES TREASURY<br>15 INCOME TAX | PRIORITY CREDITOR | 4 |
| * | A 1 CASH ADVANCE | UNSECURED CREDITOR | 5 |
|   | ADVANCE AMERICA | UNSECURED CREDITOR | 5 |
|   | ADVANCE FINANCIAL<br>ALL KNOWN ACCTS | UNSECURED CREDITOR | 5 |
| * | ADVANCED FOOT & ANKLE CARE | UNSECURED CREDITOR | 5 |
|   | ADVANCED FOOT ANKLE CARE CT | UNSECURED CREDITOR | 5 |
|   | BANK OF AMERICA | UNSECURED CREDITOR | 5 |
|   | BANK OF MARIN | UNSECURED CREDITOR | 5 |
|   | CASH ADVANCE | UNSECURED CREDITOR | 5 |
|   | CASH N DASH | UNSECURED CREDITOR | 5 |

| Debtor | STILL | Case number | 17-08648-RM3-13 |

| | | | |
|---|---|---|---|
| * | CASHNETUSA | UNSECURED CREDITOR | 5 |
| | CENTENNIAL MED CENTER | UNSECURED CREDITOR | 5 |
| * | CENTENNIAL MEDICAL CENTER | UNSECURED CREDITOR | 5 |
| | CENTENNIAL PSYCHIATRIC ASSOC ALL KNOWN ACCTS | UNSECURED CREDITOR | 5 |
| | CITY OF LAVERGNE WATER DEPT | UNSECURED CREDITOR | 5 |
| | CLEAN CARS REPO DEFICIENCY | UNSECURED CREDITOR | 5 |
| | COMCAST | UNSECURED CREDITOR | 5 |
| | DISH | UNSECURED CREDITOR | 5 |
| | DR MARK H WHITEFIELD | UNSECURED CREDITOR | 5 |
| | EAST FAST FUNDING LLC | UNSECURED CREDITOR | 5 |
| * | EDSOUTH W WELLS FAR STUDENT LOAN | UNSECURED CREDITOR | 5 |
| | EVERGREEN CASH ADVANCE | UNSECURED CREDITOR | 5 |
| | FIRST TENNESSEE | UNSECURED CREDITOR | 5 |
| | FIRST TENNESSEE BANK | UNSECURED CREDITOR | 5 |
| * | FSNB NA | UNSECURED CREDITOR | 5 |
| | LONGS PARK EMERGENCY PHYS | UNSECURED CREDITOR | 5 |
| | LONGS PARK EMERGENCY PHYS PLLC | UNSECURED CREDITOR | 5 |
| * | METRO WATER SERVICES | UNSECURED CREDITOR | 5 |
| | NASHVILLE ELECTRIC SERVICE | UNSECURED CREDITOR | 5 |
| * | NASHVILLE ELECTRIC SERVICE | UNSECURED CREDITOR | 5 |

| Debtor | STILL | Case number | 17-08648-RM3-13 |
|---|---|---|---|

|   |   |   |   |
|---|---|---|---|
|   | NASHVILLE ELECTRIC SVC | UNSECURED CREDITOR | 5 |
|   | NATIONWIDE INSURANCE | UNSECURED CREDITOR | 5 |
| * | REGIONS BANK | UNSECURED CREDITOR | 5 |
|   | SAFECO MEMBER LIBERTY MUTUAL | UNSECURED CREDITOR | 5 |
|   | SPEEDY CASH | UNSECURED CREDITOR | 5 |
| * | SUNTRUST BANK DDA RECOVERY | UNSECURED CREDITOR | 5 |
|   | TENN TITLE LOAN | UNSECURED CREDITOR | 5 |
|   | THE FRIST CLINIC | UNSECURED CREDITOR | 5 |
| * | TN QUICK CASH<br>ALL KNOWN ACCTS | UNSECURED CREDITOR | 5 |
| * | UNITED STATES TREASURY<br>04 06 INCOME | UNSECURED CREDITOR | 5 |
|   | 1305 CLAIM | UNSECURED - 1305 | 6 |

Chapter 13 Plan    Page 8 of 8

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Case 3:17-bk-08648    Doc 25    Filed 04/17/18    Entered 04/17/18 07:40:30    Desc Main
Document    Page 8 of 8